Filed 6/25/25  P. v. Clements CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335546 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA514302) |
| v. | |
| ANDREW CLEMENTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Renee F. Korn, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 23, 2023, the People filed an information charging Andrew Clements with driving a vehicle without consent (count 1; Veh. Code, § 10851, subd. (a)); and receiving a stolen vehicle (count 2; Pen. Code, § 496, subd. (d)).

On November 1, 2023, the trial court began presiding over a jury trial where the jury heard the following evidence. Angel Rodriguez previously owned a 2013 Honda motorcycle, model number PCX-150. Rodriguez sold the motorcycle to his cousin, Manuel Velasquez in February of 2023. Rodriguez sold Velasquez the motorcycle with a broken front fender, including a three-to-four-centimeter piece of the fender missing. Rodriguez sold the motorcycle for $3,000 or $3,200 after comparing prices for comparable motorcycles on Facebook Marketplace. When Velasquez had the motorcycle in his possession, its condition was good other than the broken fender. Prior to the motorcycle being stolen, a key was required to start it, and a key was required to open the gas cap.

On March 8 or March 9, 2023, Velasquez parked the motorcycle outside of his home for the evening. On March 9 or March 10, 2023, the next morning, Velasquez saw that the bike was missing. That day, police arrived at Velasquez's home to take a report.

On April 21, 2023, Rodriguez knew that Velasquez's motorcycle had been stolen. He was waiting to see his girlfriend when he noticed Clements riding a motorcycle with a broken fender that looked like the stolen motorcycle. Rodriguez also saw that the motorcycle did not have a license plate. Consequently, Rodriguez took his own motorcycle to follow Clements. Rodriguez also called Velasquez and called 911.

During a brief stop when Rodriguez was following Clements, Rodriguez, who had already sold the bike to his cousin, told Clements that the bike was his. Clements responded that he bought the bike. Clements then rode away, and Rodriguez continued to follow him. After about 20 minutes, Clements picked up a woman, and she rode on the bike with him. Rodriguez's brother-in-law soon arrived and joined Rodriguez in chasing Clements.

Thereafter, Clements stopped at a park with Rodriguez and Rodriguez's brother-in-law still following him. Then Clements showed Rodriguez a license plate that he was carrying in a bag. Rodriguez noted that the license plate Clements was carrying differed from the one previously on the motorcycle.

Los Angeles Police Officer Jessie Tavares was dispatched to follow a grand theft auto suspect. Officer Tavares and his partner were the first police officers to arrive at the scene. Velasquez and Velasquez's neighbor Katheryne Cano also arrived at the scene at about the same time as the police officers.

At the park, per the 911 transcript, Velasquez told Clements to get off the motorcycle or he would make him get off. In addition, per the same transcript, Velasquez also said he was going to beat up Clements badly. During trial, however, Velasquez denied threatening to beat up Clements.

While at the park, Clements said the motorcycle was his and he had the papers to prove it. Clements also said that he bought the motorcycle from someone, but he knew it was stolen. In response, Velasquez showed Clements the certificate of registration and the title for the motorcycle. Velasquez showed the paperwork to police officers as well. Officer Tavares confirmed that the identification number in Velasquez's

3

paperwork matched the number located in a police database. In contrast, Clements did not provide law enforcement any paperwork for the motorcycle.

When Velasquez inspected the motorcycle after it was recovered, the ignition and the gas cap were broken. The ignition cable was also cut and wired to the battery. Prior to the motorcycle being stolen, a key was required to start the ignition, and a key was required to open the gas cap.

On November 6, 2023, for count 1, the jury found that Clements received a stolen vehicle under Vehicle Code section 10851, subdivision (a). For count 2, the jury found that Clements received a stolen vehicle valued over $950 under Penal Code section 496, subdivision (d).

On February 14, 2024, the court sentenced Clements to the midterm on count 1 for a sentence of two years. For court 2, the court sentenced Clements to two years served concurrently, and the trial court stayed the sentence for count 2 under Penal Code section 654. The court also granted Clements 44 days of custody credits.

We appointed counsel to represent Clements on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. On February 4, 2025, we notified Clements that his appellate counsel filed a brief raising no issues, and notified him that he had 30 days to submit a supplemental brief identifying any arguments he would like us to consider. Clements did not file a supplemental brief. We have examined the record and are satisfied Clements's appellate attorney has fully complied with the responsibilities of counsel and no

4

arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.